W. H. CARSON, &c., *v.* J. A. CARTER.

An award must have, upon its face, certainty to a common intent, or it will be void :

*Therefore*, where a suit involving land, was referred to arbitrators to be settled, and their award to be a rule of Court : *Held*, that an award, that the plaintiff " is entitled to his deed for the premises mentioned in the pleadings, *upon the payment of all the purchase money and interest due thereon*,"—where the pleadings in the action showed a difference between the parties in respect to the amount of such purchase money,—should be set aside, and the parties be at liberty to proceed, as if there had been no reference.

CARSON, &c., v. CARTER.

ACTION, before *Henry, J.*, upon exceptions to an award therein, at December   Special Term 1869 of BUNCOMBE Court.

The plaintiffs sought an injunction against a writ of possession for land, which the defendant was suing out under a judgment in ejectment.   After the coming in of the answer, the cause was referred to two gentlemen, for settlement, with a provision that their award should be a rule of Court.  Subsequently they   returned an award, directing, amongst other things; that " the plaintiff Greenwood is entitled to his deed for the premises mentioned in the pleadings, upon the payment of all the purchase money, and interest due thereon"

The defendant excepted to this award, among other reasons, because the above direction was uncertain.

His Honor overruled the exceptions, &c., and the defendant appealed.

*Phillips & Merrimon,* cited *Gibbs* v. *Berry,* 13 Ire.  388 ; *Patton* v.  *Baird,* 7 Ire. Eq. 255;  *Cannady* v.  *Roberts,* 6 Id. 422.

*Bailey, contra,* cited *Harralson* v. *Pleasants,* Phil. 365 ; *Coxe* v. *Gent,* 1 McMullan (Law) 202; *Preston* v. *Whitcomb,* 11 Verm. 47; Watson, Awards 202.

DICK, J.  The parties to this suit agreed to refer the whole matter in controversy to two arbitrators, "to be settled, and their award to be a rule of court."  An award was made, and its enforcement was resisted by the defendant, and its validity impeached by various exceptions.   It is unnecessary to pass upon all of the exceptions, as there is one which is decisive of the matter before us: the award must be set aside, as the arbitrators have not declared their decision with sufficient certainty.  An award must be certain to a common intent, and this certainty must appear upon the face of the award ; so that a judgment can at once be entered

upon it, which will finally settle all the matters referred.    If sufficient *data* are given, so that mere calculation will render the award certain, it ought to be sustained, as, *id certum est quod certum reddi potest.*

The award in this case declares, ''that the plaintiff Greenwood, is entitled to his deed for the premises mentioned in the pleadings, upon the payment of all the purchase money, and interest money due thereon." The amount of the purchase money, and the person to whom it must be paid, are not set forth ; and no *data* are upon the face of the award by which these important particulars can be ascertained.

If we were at liberty to look into the pleadings in construing this award, we could not obtain information which would give the requisite certainty.

The plaintiff, Greenwood, says that he has paid all the purchase money to the persons entitled.    This statement is denied in the answer.    The defendant admits that he received fifty dollars in Confederate money from the proceeds of sale, and there is still outstanding a small note executed by him ; but the date of the note, and the time when said money was received, are not stated.    The persons to whom the purchase money is to be paid, are equally uncertain, and the rights of the parties in this matter, have not been ascertained and adjusted.

A judgment cannot be entered upon this award which will finally settle the controversy.    The judgment in the Court below was erroneous, and the award must be set aside, and the parties can proceed as if there had been no reference.

Let this be certified.

PER CURIAM.                                    Error.